IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **YOUR LORD MY MAJESTY ALLAH** ) | |
| also known as **ALVIN PIERRE PHILLIPS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | 2:00-cv-00697-VEH-TMP |
| ) | |
| **OFFICER GLADDINS and** ) | |
| **OFFICER HENDERSON,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

This cause is before the court on the motion for summary judgment filed by the defendants on December 12, 2005. Because the defendants' motion fails to address the claim of excessive force raised by the plaintiff, the motion is due to be denied.

Plaintiff filed his *pro se* complaint in this action on March 7, 2000. Among the many claims pleaded, plaintiff alleged that defendants Gladden[1] and Henderson used excessive and unnecessary force against him on <u>February</u> 18, 2000, while processing him <u>into</u> the disciplinary segregation unit,[2] in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Attached to his complaint was plaintiff's affidavit, in which he stated the following regarding this incident:

---

[1] Although the plaintiff identified this defendant as "Officer Gladdins," the defendant's correct name is Johnny Gladden.

[2] The court has emphasized the words "February" and "into" to make clear that the incident alleged by the plaintiff occurred on February 18, 2000, while Officers Gladden and Henderson were processing him into the segregation unit. This is important because the special report/motion for summary judgment filed by the defendants in response dealt with an incident that allegedly occurred on <u>April</u> 18, 2000, while plaintiff was being processed <u>out</u> of the segregation unit.

> On 2-18-2000 while being processed into disciplinary segregation COI Gladdins began using racial slurs while talking to COI Henderson. After addressing both Henderson told me, "Shut up, boy." At this time I recited the First Amendment which angered both to the point of them surrounding me and pointing their fingers in my face while repeatedly shouting, "Shut up." I then told them, "Im of the Mighty Mandingo bloodline, I know no fear." This caused them to attack me — Gladdins pushed me against the wall and started poking me in the groin with his baton as Henderson choked me with both of his hands simultaneously banging my head against the wall. At all times during this attack I was handcuffed with my hands behind my back. [All punctuation and spelling as in original].

Ultimately, defendants Gladden and Henderson filed their special report in response to the complaint on December 12, 2005, which the court deemed to be a motion for summary judgment in an order dated March 9, 2006. Although that order allowed the plaintiff until March 20, 2006, to respond to it, he has filed nothing further.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-

23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."  Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)).  The nonmoving party need not present evidence in a form necessary for admission at trial; however, she may not merely rest on her pleadings.  Celotex, 477 U.S. at 324.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The substantive law will identify which facts are material and which are irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id. at 248.  "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.  His guide is the same standard necessary to direct a verdict:  "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983).  However, the nonmoving party "must do more than

3

show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

The court concludes that the defendants have failed to show their entitled to summary judgment as a matter of law. First, they have failed to carry their initial burden of showing the absence of any genuine issue of material fact. Indeed, because their motion focuses on an incident allegedly occurring on April 18, 2000, not February 18, 2000, they have entirely failed to address the claim pleaded by the plaintiff. Defendants are not able to show that their alleged use of force on one occasion was justified by the circumstances occurring two months later. Further, the fact that defendant Henderson testified by affidavit that he did not remember any incident with plaintiff on February 18, 2000, does not show that absence of a genuine issue concerning the use of force on that date. Plaintiff's affidavit is sufficient to create a genuine issue concerning the events on that date.

4

In short, the defendants simply have not addressed the same claim as plaintiff alleged in his complaint.

Further, defendants' assertion of qualified immunity does not entitle them to summary judgment on plaintiff's Eighth Amendment excessive force claim. To be entitled to recover on such a claim, plaintiff must allege that these defendants used force "maliciously and sadistically, for the very purpose of causing harm," rather than for the legitimate purpose of restoring order and discipline. The Eighth Amendment prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Supreme Court held in Hudson v. McMillian, 112 S. Ct. 995 (1992), that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry [in determining whether a prisoner has suffered unnecessary and wanton pain] is that set out in Whitley: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 112 S. Ct. at 999. In extending Whitley to all cases involving allegations of force, the Court reasoned:

> Many of the concerns underlying our holding in Whitley arise whenever guards use force to keep order. Whether the prison disturbance is a riot or a lesser disruption, corrections officers must balance the need "to maintain or restore discipline" through force against the risk of injury to inmates. Both situations may require prison officials to act quickly and decisively. Likewise, both implicate the principle that "'[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'"

Id. at 998-9 (citations omitted). With these concerns in mind, the Court set out certain factors that should be considered in evaluating whether the use of force was wanton and unnecessary. They

include: 1) the need for the application of force; 2) the relationship between the need and the amount of force used; 3) the threat reasonably perceived by the prison official; 4) any efforts made to temper the severity of a forceful response; and 5) the extent of the injury suffered by the inmate. The Hudson Court made it clear that the extent of injury suffered by the inmate is only one of the many factors which should be considered, not a decisive one when it said, "[t]he absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." Id. at 999.

Because the defendants have failed to offer any evidence with regard to the plaintiff's claim of excessive and unnecessary force on February 18, 2000, the court must accept plaintiff's version as undisputed. As he described the incident, it is clear that defendants' use of force was unnecessary and out of proportion to any disruption being caused by plaintiff. No reasonable corrections officer could believe that, in response to plaintiff's invocation fo the First Amendment and his Mandingo heritage, it was lawful to choke him and strike his head against the wall. Although plaintiff admits in his complaint that he refused to follow defendants Gladdins' and Henderson's orders to keep quiet, there is no indication that he became violent or disruptive. Even if some level of force was necessary because Gladdins and Henderson were faced with an openly hostile and defiant inmate who posed a threat to institutional order, it was not necessary to choke and bang the plaintiff's head against the wall. Plaintiff has sufficiently pled that the force used was both unnecessary and excessive, and that allegation remains undisputed.

By separate order, the court will deny the motion for summary judgment. The case will be set for jury trial on this claim.

The Clerk is **DIRECTED** to mail a copy of the foregoing to the plaintiff.

**DONE** this 28th day of March, 2006.

                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge